Appellant Roosevelt Johnson appeals a judgment of the Muskingum County Common Pleas Court dismissing his Petition for Post-conviction Relief as untimely filed:
ASSIGNMENTS OF ERRORS:
 I. THE TRIAL COURT ERRED IN THE PETITION FOR POST CONVICTION RELIEF, PURSUANT TO REVISED CODE 2953.21(A)(2).
 II. THE TRIAL COURT ERRED IN DENYING THE PETITION FOR POST CONVICTION RELIEF WITHOUT CONSIDERING REVISED CODE 2953.23.
In 1995, appellant was indicted by the Muskingum County Grand Jury on two counts of Aggravated Trafficking in drugs. On July 1, 1996, appellant pled guilty to reduced charges of Drug Abuse. On September 23, 1996, appellant was sentenced to a one-year determinate sentence of incarceration on each conviction, to run concurrently. The sentences were suspended, and appellant was placed on probation for five years. No direct appeal was filed from the judgment of conviction and sentence.
On May 5, 1997, appellant filed a pro se Motion for Delayed Appeal to this court. The motion was granted on June 2, 1997. Thereafter, on October 14, 1997, appellant filed a Petition for Post-conviction Relief pursuant to R.C. 2953.21. The court dismissed the Petition for Post-conviction Relief on the basis that the petition was filed more than 180 days after the expiration of time for its filing pursuant to R.C. 2953.21
(A)(2).
 I.
R.C. 2953.21(A)(2) provides:
 (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Appellant argues that the 180-day time limitation began to run on the date on which the trial transcript was filed in the Court of Appeals on the delayed appeal. The State argues that because no direct appeal was filed from the judgment of conviction and sentence, time expired 180 days after the expiration of the time for filing the original appeal pursuant to the last sentence of R.C. 2953.21(A)(2).
The trial court concluded that the delayed appeal did not extend the time for which to file a Petition for Post-conviction Relief. The court concluded that the obvious reason for a statute placing a time limit on the performance of an act is to bring a conclusion to the proceeding. The court concluded that had the legislature intended the result urged by appellant, it would have included language pertinent to delayed appeal in the statute.
The identical issue was addressed by the Court of Appeals for Franklin County in State vs. Price (September 29, 1998), Franklin App. No. 98-AP-80, unreported. In Price, the appellant argued that the 180 days should be taken to run from the filing of the transcript in his delayed appeal. The Court of Appeals held that accepting that position would nullify the obvious intent of the legislature to place a time limitation on post-conviction actions. The court concluded that since there is no time limitation in the Appellate Rules, or statute, for filing a motion for delayed appeal, under the appellant's interpretation, there would consequently be no time limitation for filing a Petition for Post-conviction Relief. Further, it would be unreasonable to permit a defendant who neglected to file a direct appeal, and subsequently brought a delayed appeal, to be given more time to prepare a post-conviction petition than a defendant who had timely prosecuted his direct appeal.
We agree with the reasoning of the trial court and of the Court of Appeals for Franklin County. The court did not err in concluding that appellant's petition was untimely filed. Because appellant did not file a direct appeal, he was required to file his Petition for Post-conviction Relief no later than 180 days after the expiration of the time for filing his direct appeal. As he did not do so, the Assignment of Error is overruled.
 II.
Appellant argues that upon finding the petition to be untimely, the court did not analyze the petition pursuant to R.C. 2953.23. Pursuant to this statute, the court may not entertain a petition which was not timely filed unless certain conditions were met. The petitioner must first demonstrate that either he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief, or subsequent to the prescribed time period, the United States Supreme Court recognized a new federal or state right applying retroactively to persons in the petitioner's situation. In addition, the petitioner must show by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted. Appellant made no attempt to meet these conditions in the trial court. He merely relied on the argument asserted on appeal that the petition was timely filed.
Accordingly, the second Assignment of Error is overruled.
The judgment of the Muskingum County Common Pleas Court is affirmed.
By: Reader, V.J., Wise, P. J. and Gwin, J. concur.
------------------------------
------------------------------
 ------------------------------ JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum County Common Pleas Court is affirmed. Costs to Appellant.
------------------------------
------------------------------
 ------------------------------ JUDGES